**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| THE HANOVER INSURANCE COMPANY, | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | **CIVIL ACTION NO.** _____ |
| | § | |
| PEARLAND ACRES, LLC, DIANA | § | |
| MONTES, AND DAVID CANO JR., | § | |
| | § | |
| **Defendants.** | | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW, Plaintiff, The Hanover Insurance Company ("Hanover"), pursuant to 28 U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedure, and files this Complaint for Declaratory Judgment against Defendants, Pearland Acres, LLC, Diana Montes, and David Cano Jr. Hanover seeks a declaratory judgment, based on various policy provisions in Policy No. RHS A532345 10 (the "Policy"), that the Policy does not provide defense or indemnity for claims filed against Pearland Acres, LLC and Diana Montes in the lawsuit styled *David Cano Jr. v. Diana Montes and Pearland Acres, LLC,* Cause No. 138391-CV, filed in the 149th Judicial District Court of Brazoria County, Texas (the "Underlying Suit").

**PARTIES**

1.      Hanover was and is a New Hampshire corporation organized under the laws of the State of New Hampshire, with its principal place of business in the State of Massachusetts.

2.      Defendant Pearland Acres, LLC is the Named Insured under the Policy. Pearland Acres, LLC is a Texas limited liability company, with its principal place of business in Texas, and consists of two Members, David Duckwitz and Robert Azzarello.  Both Members of Pearland

- 1 -

Acres, LLC are individuals who are citizens of the State of Texas.  Pearland Acres, LLC may be served with process by serving its registered agent, Harry L. Brumfield at 18810 Tree Top Ln, Pearland, TX 77584.

3.      Defendant Diana Montes is an individual who resides in and is a citizen of the State of Texas.

4.      Defendant David Cano Jr. is a party with an interest in the outcome of this litigation because he is the plaintiff in the Underlying Suit. Upon information and belief, David Cano Jr. is an individual who resides in and is a citizen of the State of Texas.

## NATURE OF THE CLAIM

5.      This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure to determine an actual case and controversy between Hanover and Pearland Acres, LLC and Diana Montes, regarding the parties' respective rights and obligations under the Policy. The Policy was issued by Hanover to Pearland Acres, LLC for the period April 14, 2025, to April 14, 2026. Attached hereto as **Exhibit 1** is a true and correct copy of the Policy.

6.      Hanover seeks a judgment declaring that it has no duty to defend or indemnify Defendant Pearland Acres, LLC and Diana Montes under the Policy for the claims asserted against them in the Underlying Suit.

## JURISDICTION AND VENUE

7.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship among the parties and the matter in controversy exceeds the sum of $75,000 exclusive of interest, attorney's fees, and costs. This matter arises from

- 2 -

personal injury causes of action brought by David Cano Jr. in the Underlying Suit wherein he alleges damages over $75,000.

8.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted below occurred within this judicial district and the Underlying Suit is pending in a corresponding state court within this judicial district.

## FACTUAL BACKGROUND

### *The Underlying Original Petition against Pearland Acres, LLC and Diana Montes*

9.      On January 6, 2026, Defendant David Cano Jr. (the "Underlying Plaintiff") filed his Original Petition and Jury Demand in the Underlying Suit. Attached hereto as **Exhibit 2** is a true and correct copy of the Underlying Plaintiff's Original Petition and Jury Demand.

10.     In the Underlying Suit, the Underlying Plaintiff alleges that on or about September 26, 2025, he was walking as a pedestrian near County Road 143 and an adjoining roadway in Brazoria County, Texas.

11.     The Underlying Plaintiff further alleges that Defendant Diana Montes was operating a motor vehicle owned or leased by Defendant Pearland Acres, LLC, and struck the Underlying Plaintiff (the "Accident").

12.     The Underlying Plaintiff alleges that as a result of the Accident, he sustained serious bodily injuries, including a fractured femur and head injuries.

13.     The Underlying Plaintiff asserts claims against Defendants Diana Montes and Pearland Acres, LLC for negligence.

PD.62186585.1

14.    The Underlying Plaintiff also asserts additional aggravating, reckless and/or dangerous conduct representing statutory gross negligence against Defendants Diana Montes and Pearland Acres, LLC and seeks punitive or exemplary damages.

***Vehicle involved in the Accident in the Underlying Suit***

15.    The Texas Peace Officer's Crash Report indicates that the vehicle driven by Diana Montes at the time of the Accident was owned by Pearland Acres, LLC.  Attached hereto as **Exhibit 3** is a true and correct copy of the Texas Peace Officer's Crash Report relating to the accident alleged in the Underlying Suit.

16.    The Texas Peace Officer's Crash Report also identifies that Diana Motes was driving a 2015 White Infinity Q50, bearing license plate SRX2947 and Vehicle Identification Number JN1BV7APXFM349010.

17.    The Texas Certificate of Title for the 2015 White Infinity Q50, bearing license plate SRX2947 and Vehicle Identification Number JN1BV7APXFM349010 indicates Pearland Acres, LLC as the owner of the said vehicle. Attached hereto as **Exhibit 4** is a true and correct copy of the Texas Certificate of Title.

18.    Hanover agreed to defend Pearland Acres, LLC under the Business Auto Coverage of the Policy for the claims asserted against it in the Underlying Suit. Hanover's agreement to defend Defendant Pearland Acres, LLC was subject to a complete reservation of rights.

***The Policy***

19.    As relevant to the Underlying Suit, the Policy includes Business Auto coverage with a $1 million limit for one accident or loss.

20.    The Auto coverage form, CA 00 01 03 06, includes the following insuring agreement as relevant here:

- 4 -

**SECTION II – LIABILITY COVERAGE**

**A. Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

\*\*\*

21.     The Policy's Business Auto Coverage Declaration page identifies Covered Auto as only numeric "8" and numeric "9."

22.     The Policy's Business Auto Coverage Form's Description of Covered Auto Designation Symbols for numeric "8" is as follows:

| 8 | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent, or borrow from any of your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households. |
|---|---|---|

- 5 -

23.    The Policy's Business Auto Coverage Form's Description of Covered Auto Designation Symbols for numeric "9" is as follows:

| 9 | Nonowned "Autos" Only | Only those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes "autos" owned by your "employees", partners (if you are a partnership), members (if you are a limited liability company), or members of their households but only while used in your business or your personal affairs. |
|---|---|---|

24.    The Policy's Business Auto Coverage Form Declaration page does **not** designate numeric "1" for Any Auto or numeric "2" for Owned Autos only as covered autos.

## COUNT I – DECLARATORY RELIEF

25.    Hanover adopts and incorporates by reference the allegations set forth in the preceding paragraphs as though completely and fully set forth herein.

26.    There is an actual, present, and existing controversy between Hanover and Defendants Pearland Acres, LLC and Diana Montes regarding Hanover's obligations under the Policy in connection with the Underlying Suit.

27.    Pursuant to 28 USC § 2201, *et seq.*, Hanover seeks a judicial declaration of its rights and duties under the Policy.  The Court's declaration will confer certainty on the parties and serve the interests of justice.

28.    As shown in the policy provisions above, the Policy provides coverage for damages because of "bodily injury" or "property damage" caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto."

29.    As shown in the policy provisions above, the Policy provides coverage only for accidents resulting from the use of a covered "auto," which is either Hired "Autos" or Nonowned "Autos," not owned autos.

- 6 -

30.     The Texas Peace Officer's Crash Report and Texas Certificate of Title establish that the vehicle involved in the Accident was owned by Pearland Acres, LLC, and is not a Hired Auto or Nonowned Auto under the Policy.

31.     Hanover submits it has no duty to defend or indemnify Pearland Acres, LLC and Diana Montes in the Underlying Suit for this reason.

32.     In addition to the foregoing provisions, Hanover pleads all other conditions, terms, provisions, limits, definitions, and exclusions of the Policy, which also may be found to be applicable, and Hanover reserves the right to amend its Complaint for Declaratory Judgment.

## PRAYER

WHEREFORE, Plaintiff The Hanover Insurance Company respectfully requests that this Court enter a judgment declaring that Hanover has no duty to defend or indemnify Pearland Acres, LLC and Diana Montes under the Policy for the claims asserted against them in the Underlying Suit, reasonable attorneys' fees, and such other and further relief, at law and in equity to which it may be entitled.

**PHELPS DUNBAR LLP**

*/s/Peri Alkas*

Peri H. Alkas
*Attorney-in-charge*
Texas Bar No. 00783536
Federal ID No. 15787
Peri.alkas@phelps.com
1011 Fannin St, Suite 2200
Houston, Texas 77002
Telephone: (713) 626-1386
Telecopier: (713) 626-1388

**ATTORNEYS FOR PLAINTIFF, THE HANOVER INSURANCE COMPANY**

PD.62186585.1